

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MELORA BERTRAND,

    Plaintiff,

v.

CHASE ASSET RECOVERY CORP.;

THOMAS CASTLE; and

DOES 1-5

    Defendants.

Civil Action No. 3:12-cv-487 JCH

## COMPLAINT

### (Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in unlawful acts alleged against Plaintiff while Plaintiff so resided.

1

## PARTIES

3.      Plaintiff MELORA BERTRAND (hereinafter "Ms. Bertrand" or "Plaintiff"), is a natural person residing in Avon, Connecticut. CHASE ASSET RECOVERY CORP. (hereinafter "Chase Asset Recovery") is a New York corporation believed to maintain its principle place of business at 41 New Bullis Rd. in Elma, New York. DAVID GOLDSTEIN is an employee or agent of CHASE ASSET RECOVERY CORP. and engaged in debt collection during the events giving rise to this action. Plaintiff is ignorant of the true name and capacity of the defendants sued herein as DOES 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. (All Defendants shall jointly be referred to as "Defendants").

4.      Defendants regularly operate or operated as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5.      Defendants were engaged in collection efforts of a consumer debt against Mr. Hill, a coworker of Ms. Bertrand's.

6.      On March 30, 2011 David Goldstein of Chase Asset Recovery called the place of employment of Mr. Hill and Ms. Bertrand and spoke with Ms. Bertrand. Mr. Goldstein questioned Ms. Bertrand as to who was in charge, whom the managers were, and what her job was. He also asked the name of Mr. Hill's manager specifically. Mr. Goldstein had called

several times in the past and Ms. Bertrand was familiar with who he was. She declined to provide the information he requested. Mr. Goldstein raised his voice and called Ms. Bertrand a "fucking Moron" and told her that she was "Incapable of holding and intelligent conversation." Mr. Goldstein continued to use derogatory and inappropriate language towards Ms. Bertrand until she told him not to swear at her and hung up.

## CAUSES OF ACTION

### COUNT I

7. Plaintiff re-alleges paragraphs 1 through 6, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d, and particularly 1692d(2) with regards to Plaintiff as follows: Defendants used obscene and or profane language, the natural consequence of which was to abuse Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $1,100.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 28, 2012

*/s/ Melora Bertrand*

MELORA BERTRAND
(In Pro Se)
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
Contact@centenniallawoffices.com